UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NUMBER: |
| SITA INFORMATION NETWORKING COMPUTING USA, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Darlene Case ("Charging Party"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission") alleges that SITA Information Networking Computing USA, Inc. ("Defendant") rescinded her offer of employment because of her disability and because of her need for reasonable accommodation, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant SITA Information Networking Computing USA, Inc. has continuously been a corporation doing business in the

State of Georgia, and the City of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant SITA Information Networking Computing USA, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant SITA Information Networking Computing USA, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least April 2010, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a), by rescinding an offer of employment to Charging Party because of her disability.

3

9. Since at least April 2010, Defendant has engaged in unlawful employment practices in violation of Section 102(b)(5)(B) of the ADA, 42 U.S.C. § 12112(b)(5)(B), by rescinding an offer of employment to Charging Party because of the need to provide a reasonable accommodation for her disability.

9. At all relevant times, Charging Party had cancer, a physical impairment which substantially limits her in the major bodily function of normal cell growth.

10. Prior to the rescission of her job offer, the Charging Party provided medical notice to the Defendant of her impairment, and Defendant consented to her request to move her employment start date with Defendant as a full-time Personal Assistant from March 22, 2010 until May 3, 2010.

11. On April 27, 2010, the Charging Party contacted Defendant via voicemail and left a message requesting an accommodation for two weeks, i.e., that she be permitted to work part-time for her first two weeks of employment.

12. In an email on April 28, 2010, Defendant acknowledged receipt of Charging Party's voicemail and asked for more information. That same day, Charging Party responded to Defendant via email and again requested that Defendant permit her to work part-time for the first two weeks only.

13. Despite Defendant receiving notice of her request for a reasonable

4

accommodation, the Defendant rescinded the Charging Party's job offer the next day.

14. Upon learning that Defendant would not allow her to work part-time for the first two weeks, the Charging Party requested from Defendant the opportunity to seek permission from her physician to work full-time during the first two weeks of employment. The Defendant refused.

15. The Defendant rescinded the job offer and refused to hire the Charging Party because of her disability and because of the need to provide a reasonable accommodation.

16. The effects of the practices complained of in Paragraphs 8-15 have been to deprive Charging Party of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

16. The unlawful employment practices complained of in Paragraphs 8-15 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Charging Party.

17. The effects of the practices complained of in paragraphs 8-15 have been to inflict emotional pain, suffering, and inconvenience upon Charging Party and deprive her of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

[Jury Demand and Signature Page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

8/24/11
Date

s/ Robert K. Dawkins
ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No. 076206

OTTRELL FERRELL EDWARDS
Supervisory Trial Attorney
Georgia Bar No. 141979

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:  (404) 562-6905