**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) **Plaintiff,** ) ) **DARLENE CASE,** ) ) **Plaintiff-Intervenor,** ) ) **v.** ) ) **SITA INFORMATION NETWORKING COMPUTING USA, INC.** ) ) ) **Defendant.** ) ) ) | **Civil Action File** **No. 1:11-CV-02818-RLV** |

**SITA INFORMATION NETWORKING COMPUTING USA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT**

COMES NOW SITA Information Networking Computing USA, Inc. (hereinafter "SITA"), by and through its attorneys, and responds to Plaintiff Equal Employment Opportunity Commission's (hereinafter the "EEOC") Complaint as follows:

## AFFIRMATIVE DEFENSES

SITA sets forth below the following affirmative defenses but expressly does not assume the burden of proof with respect to any such defense that it is not otherwise required to bear under applicable law or rule.

## FIRST DEFENSE

The EEOC's Complaint fails to state a claim against SITA upon which relief can be granted.

## SECOND DEFENSE

The EEOC's Complaint is barred by the doctrines of waiver, estoppel and unclean hands.

## THIRD DEFENSE

To the extent that the EEOC relies on any acts or events occurring outside the applicable statute of limitations, such claims are barred.

## FOURTH DEFENSE

To the extent the EEOC attempts to state claims under the Americans with Disabilities Act ("ADA") and Title I of the Civil Rights Act of 1991 which were not included in Plaintiff-Intervenor Darlene Case's ("Case") Charge of Discrimination filed with the EEOC or investigated by the EEOC, each and every such claim is barred because of the failure to satisfy the statutory prerequisites or

because of a lack of subject matter jurisdiction.

## FIFTH DEFENSE

To the extent that Case has otherwise failed to timely exhaust her administrative remedies, the EEOC's respective claims for relief are barred.

## SIXTH DEFENSE

To the extent any employee, manager, supervisor, director or officer of SITA engaged in any unlawful conduct as described in the Complaint, such actions were outside the scope and course of his or her employment and were not in furtherance of SITA's business.

## SEVENTH DEFENSE

The EEOC's claims are barred because SITA has acted lawfully and in good faith at all times relevant hereto, and has not intentionally or negligently violated any statutory or legal right of the EEOC or Case.

## EIGHTH DEFENSE

The EEOC's claims are barred because SITA has committed no act or omission with the intent to cause harm, injury or other damage to the EEOC or to Case.

## NINTH DEFENSE

The EEOC's claims are barred to the extent that Case did not have a

"disability" within the meaning of the ADA, 42 U.S.C. § 12102(2).

## TENTH DEFENSE

The EEOC's claims are barred to the extent that Case is not, and at all times material to the allegations in the Complaint was not, a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. § 12111(8).

## ELEVENTH DEFENSE

The EEOC's claims are barred to the extent that Case is not substantially limited in one or more major life activities.

## TWELFTH DEFENSE

The EEOC's claims are barred to the extent that Case is not substantially limited in the ability to work in a class or broad range of jobs or occupations.

## THIRTEENTH DEFENSE

The EEOC's claims are barred because SITA's treatment of Case was at all times based on factors other than Case's alleged disability.

## FOURTEENTH DEFENSE

All employment actions taken with respect to Case were for legitimate, nondiscriminatory reasons.

## FIFTEENTH DEFENSE

The EEOC's claims are barred to the extent that any damages that Case

suffered were the direct and proximate result of her own actions or inactions, including, but not limited to, assumption of the relevant risks.

### SIXTEENTH DEFENSE

Any policy, standard, test, or other criterion applied to Case and her employment was job-related and consistent with business necessity and her request(s) for reasonable accommodation(s) could not cure her performance deficiency and was an undue hardship to SITA.

### SEVENTEENTH DEFENSE

The EEOC's claims are barred because Case could not complete the essential functions of her job with or without reasonable accommodation.

### EIGHTEENTH DEFENSE

The EEOC is not entitled to the compensatory or punitive damages that it has requested in the Complaint to the extent that the facts alleged in support of those claims fail to satisfy the applicable standards.

### NINETEENTH DEFENSE

The EEOC's claims are barred to the extent that Case failed to mitigate her alleged damages.

### TWENTIETH DEFENSE

The EEOC's claims are barred, in whole or in part, by the after-acquired

5

evidence doctrine.

## TWENTY-FIRST DEFENSE

The EEOC's claims are barred because Case was not harmed in the manner or to the extent alleged.

## TWENTY-SECOND DEFENSE

The EEOC is not entitled to punitive damages because SITA made good faith efforts to comply with all applicable anti-discrimination laws.

## TWENTY-THIRD DEFENSE

The EEOC is not entitled to punitive damages because neither SITA nor any of its officers, directors, or managing agents engaged in any conduct willfully or with malice or reckless disregard for Case's protected rights and because SITA did not authorize or ratify such acts.

## TWENTY-FOURTH DEFENSE

The EEOC's claims are barred because Plaintiff could not perform her job duties for which she had applied with or without reasonable accommodation, and was, therefore, not protected under the ADA.

## TWENTY-FIFTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part by Case's election of alternative remedies, including but not limited to mandatory binding arbitration.

## TWENTY-SIXTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part because Case's request(s) for accommodation(s) was/were not reasonable and caused SITA to suffer an undue hardship.

## TWENTY-SEVENTH DEFENSE

The EEOC's claim is barred in whole or in part because SITA reasonably accommodated Case to the extent required by law.

## TWENTY-EIGHTH DEFENSE

SITA reserves the right to amend or assert additional defenses as facts are developed in the course of additional investigation and discovery.

## RESPONSE TO ENUMERATED ALLEGATIONS

Without waiving the defenses set forth herein, but insisting and relying upon each of them, and answering that all allegations in the Complaint are specifically denied unless otherwise admitted, including the introductory paragraph on page one (1) of the Complaint, SITA responds to the individually numbered paragraphs

of the EEOC's Complaint as follows:

## JURISDICTION AND VENUE

1.

SITA admits only that the EEOC purports to place jurisdiction within this Court. SITA denies the remaining allegations contained in paragraph 1 of the Complaint.

2.

SITA admits only that the EEOC purports to place jurisdiction within this Court. SITA denies the remaining allegations contained in paragraph 2 of the Complaint.

## PARTIES

3.

SITA admits that Plaintiff is the Equal Employment Opportunity Commission and that it is charged with enforcing the ADA and related statutes. SITA denies the remaining allegations contained in paragraph 3 of the Complaint.

4.

SITA admits the allegations contained in paragraph 4 of the Complaint.

5.

SITA admits that it is an employer. SITA denies the remaining allegations contained in paragraph 5 of the Complaint because it calls for a legal conclusion.

6.

SITA denies the allegations contained in paragraph 6 of the Complaint because it calls for a legal conclusion.

## **STATEMENT OF CLAIMS**

7.

SITA admits only that Case filed a charge of discrimination on June 25, 2010.  SITA denies the remaining allegations contained in paragraph 7 of the Complaint.

8.

SITA denies the allegations contained in paragraph 8 of the Complaint.

9.

SITA denies the allegations contained in paragraph 9 of the Complaint as this statement is a blatant and intentional misrepresentation.  Case was allowed to delay her start date with SITA for several weeks.

9.[1]

SITA is without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

---

[1] Plaintiff has included two paragraphs numbered "9".  SITA responds to each paragraph in the order in which it appears in the Complaint.

10.

SITA admits only that it allowed Case to move her start date from March 22, 2010 to May 3, 2010.  SITA denies the remaining allegations contained in paragraph 10 of the Complaint.

11.

SITA admits only that Case contacted SITA on or around April 27, 2010 and stated that she could not begin working full-time on her selected start date of May 3, 2010.  SITA denies the remaining allegations contained in paragraph 11 of the Complaint.

12.

SITA admits only that on April 28, 2010, it acknowledged receipt of a message from Case, and that Case responded on April 28, 2010.  SITA denies the remaining allegations contained in paragraph 12 of the Complaint.

13.

SITA denies the allegations contained in paragraph 13 of the Complaint.

14.

SITA denies the allegations contained in paragraph 14 of the Complaint.

15.

SITA denies the allegations contained in paragraph 15 of the Complaint.

16.

SITA denies the allegations contained in paragraph 16 of the Complaint.

16.[2]

SITA denies the allegations contained in paragraph 16 of the Complaint.

17.

SITA denies the allegations contained in paragraph 17 of the Complaint.

## **PRAYER FOR RELIEF**

SITA denies the allegations contained in the EEOC's "PRAYER FOR RELIEF" including the "Wherefore" sentence and subparagraphs (A) through (H) on pages 6 and 7 of the Complaint, and further denies that the EEOC and/or Case are entitled to the relief sought in the Complaint or any relief whatsoever in this action.

WHEREFORE, having fully answered the EEOC's Complaint, SITA respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in favor of SITA, tax all costs against the EEOC, and grant such other and further relief as the Court deems just and proper.

---

[2] Plaintiff has included two paragraphs numbered "16". SITA responds to each paragraph in the order in which it appears in the Complaint.

Respectfully submitted, this 17th day of February 2012.

        CHAMBERLAIN, HRDLICKA,
        WHITE, WILLIAMS & AUGHTRY

        */s/ Annette A. Idalski*
        Annette A. Idalski, Esq.
        Georgia Bar No. 005559
        Erin P. Harris, Esq.
        Georgia Bar No. 142415
        191 Peachtree Street, N.E., 34th Floor
        Atlanta, GA  30303
        Telephone:  (404) 658-5386
        Facsimile:   (404) 659-1852
        annette.idalski@chamberlainlaw.com
        erin.harris@chamberlainlaw.com

        *Counsel for Defendant SITA Information Networking Computing USA, Inc.*

## **CERTIFICATION OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume requirements set forth in Local Rule 5.1. This document has been prepared in Times New Roman, 14 point font.

This 17th day of February, 2012.

                                        CHAMBERLAIN, HRDLICKA,
                                        WHITE, WILLIAMS & AUGHTRY

                                        */s/ Annette A. Idalski*
                                        Annette A. Idalski, Esq.
                                        Georgia Bar No. 005559
                                        Erin P. Harris, Esq.
                                        Georgia Bar No. 142415
                                        191 Peachtree Street, N.E., 34th Floor
                                        Atlanta, GA  30303
                                        Telephone:  (404) 658-5386
                                        Facsimile:   (404) 659-1852
                                        annette.idalski@chamberlainlaw.com
                                        erin.harris@chamberlainlaw.com

                                        *Counsel for Defendant SITA Information*
                                        *Networking Computing USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>DARLENE CASE, )<br>)<br>Plaintiff-Intervenor, )<br>)<br>v. )<br>)<br>SITA INFORMATION NETWORKING COMPUTING USA, INC. )<br>)<br>Defendant. )<br>) | Civil Action File<br><br>No. 1:11-CV-02818-RLV |

**CERTIFICATE OF SERVICE**

This is to certify that on February 17, 2012, I electronically filed the foregoing **SITA INFORMATION NETWORKING COMPUTING USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT** through the Court's CM/ECF system which will send a notice of electronic filing to:

James L. Cerwinski
Ottrell Ferrell Edwards
Robert K. Dawkins
U.S. Equal Employment Opportunity Commission
100 Alabama Street, S.W.
Suite 4R30, Atlanta Federal Center
Atlanta, GA  30303
james.cerwinski@eeoc.gov
ottrell.edwards@eeoc.gov
robert.dawkins@eeoc.gov

Kimberly A. Worth, Esq.
D. Barton Black, Esq.
Joyce Thrasher Kaiser & Liss, LLC
Five Concourse Parkway, Suite 2600
Atlanta, Georgia 30328
Telephone:  (404) 760-6000
Facsimile:  (404) 760-0225
kworth@jtklaw.com
bblack@jtklaw.com

                                       CHAMBERLAIN, HRDLICKA,
                                       WHITE, WILLIAMS & AUGHTRY

                                       */s/ Annette A. Idalski*
                                       Annette A. Idalski, Esq.
                                       Georgia Bar No. 005559